**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN K. MCKENNY, | : | |
| | : | Civil Action No. 10-1504 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN C. COHEN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Steven K. McKenny
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**HILLMAN**, District Judge

    Plaintiff Steven K. McKenny, a pre-trial detainee confined at Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights.[1]  Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

---

[1] Plaintiff used a 28 U.S.C. § 2254 habeas form but struck out "§ 2254" and failed to assert jurisdiction under any other provision. While pre-trial detainees may challenge their custody under 28 U.S.C. § 2241, Plaintiff failed to either assert claims under that provision or to seek specific declaratory or injunctive relief under 42 U.S.C. § 1983. In either case, the result would be the same, that this matter is not ripe for review by this Court.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff was arrested on October 8, 2009 and is confined at the Atlantic County Justice Facility. Plaintiff alleges that he was not arraigned until January 11, 2010 and that bail has been set at $200,000.00.

Plaintiff claims that his 14th Amendment rights were violated as he was held without arraignment from the time of his arrest on October 8,2009 until January 11, 2010. Plaintiff additionally claims that his 8th Amendment right against excessive bail is being violated as his bail has been set at $200,000.00.

Plaintiff's Complaint does not specifically set forth any relief requested, but this Court interprets his claims as a request for relief regarding the charges currently pending against him in state court.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

To the extent that this matter is construed as a civil

complaint, this Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but

must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

To the extent that this matter is construed as an application under habeas corpus, United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See

Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III.   ANALYSIS

Plaintiff makes no specific plea for relief, but this Court infers from Plaintiff's Complaint that he seeks an Order from this Court.

#### A. Civil Action

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

However, it is not generally the role of the federal courts

5

to interfere in pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  <u>Younger v. Harris</u>, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings); <u>Middlesex Co. Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982) ("The policies underlying <u>Younger</u> are fully applicable to noncriminal judicial proceedings when important state issues are involved.").  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before <u>Younger</u> abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

<u>Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept.</u>, 973 F.2d 169, 173 (3d Cir. 1992) (citing <u>Schall v. Joyce</u>, 885 F.2d 101, 106 (3d Cir. 1989)).

Here, Plaintiff has failed to allege any facts suggesting that his constitutional claim of excessive bail cannot be addressed adequately in state court.  This Court will dismiss the claim for injunctive relief.  The state court in which his

6

criminal proceedings are pending is the appropriate forum in which Plaintiff should pursue his challenges to that ongoing proceeding. This Court expresses no opinion as to whether the bail which has been set in state court is excessive.

    B.    <u>Habeas Corpus</u>

In the alternative, if this filing is construed as a petition for habeas corpus relief, it still must fail because his remedies for relief in state court are unexhausted. He does not allege in the Complaint that he has exhausted his state court remedies and the timetable suggests a very remote possibility that he would have gone through the proper state court channels before seeking relief in federal court.

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

    (1)    federal courts have "pre-trial" habeas corpus jurisdiction;

    (2)    that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

    (3)    where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

<u>Moore v. DeYoung</u>, 515 F.2d 437, 443 (3d Cir. 1975).

As noted above, Petitioner does not allege that he has

7

exhausted his state remedies.  In the absence of exhaustion, this Court should exercise pre-trial habeas jurisdiction only if "extraordinary circumstances are present."  Petitioner has alleged no extraordinary circumstances.  Accordingly, there is no basis for this Court to intervene in a pending state criminal proceeding. This Court expresses no opinion as to the merits of Petitioner's claim.

### IV.  CONCLUSION

For the reasons set forth above, the Complaint must be dismissed without prejudice for failure to state a claim.  It does not appear that Plaintiff can cure any of the deficiencies noted herein by amendment at this time.  An appropriate order follows.


At Camden, New Jersey                 /s/ NOEL L. HILLMAN
                                      Noel L. Hillman
                                      United States District Judge

Dated: April 15, 2010